1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18              SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-03546-CRB
   _____   )
21 This document relates to          )  **PFIZER INC., PHARMACIA**
                                      )  **CORPORATION, AND G.D.**
22 LORRAINE EPSTEIN                   )  **SEARLE, LLC'S ANSWER TO**
                                      )  **COMPLAINT**
23          Plaintiff,                )
                                      )  **JURY DEMAND ENDORSED**
24     vs.                            )  **HEREIN**
                                      )
25 PFIZER, INC., PHARMACIA CORPORATION, )
   and G.D. SEARLE LLC,               )
26                                    )
           Defendants.               )
27 _____   )
28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                         I.

6                            **PRELIMINARY STATEMENT**

7        The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").   Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11                                        II.

12                                    **ANSWER**

13                **Response to Allegations Regarding Parties**

14   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   2.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including Puerto Rico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including Puerto Rico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

6.     Defendants are without knowledge or information to form a belief as to the truth of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same. However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny committing a tort in the State of Florida or the State of California and deny the remaining allegations in this paragraph of the Complaint.

9.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including Puerto Rico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of Puerto Rico. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

10.     Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which no response is required.  To the extent that a response is deemed required, Defendants

2  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

3  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

4  Panel on Multidistrict Litigation on September 6, 2005.

5  **Response to Factual Allegations**

6  11.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8  Defendants deny the remaining allegations in this paragraph of the Complaint.

9  12.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

11  Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury

12  or damage, and deny the remaining allegations in this paragraph of the Complaint.

13  13.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

15  Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

16  Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

17  of the Complaint.

18  14.    Defendants admit that Bextra® was expected to reach consumers without substantial

19  change from the time of sale.  Defendants are without knowledge or information sufficient to

20  form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

21  therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

22  Complaint.

23  15.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants are without knowledge or information sufficient to form a belief as to the truth of

28  the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-5-

1    Defendants deny remaining the allegations in this paragraph of the Complaint.

2    16.    Plaintiff's Complaint omits Paragraph Number 16.

3    17.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

4    steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe

5    and effective when used in accordance with its FDA-approved prescribing information.

6    Defendants state that the potential effects of Bextra® were and are adequately described in its

7    FDA-approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law. Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10    18.    The allegations in this paragraph of the Complaint are not directed toward Defendants

11    and, therefore, no response is required. To the extent a response is deemed required,

12    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

13    paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

14    form a belief as to the truth of such allegations and, therefore, deny the same.

15    19.    The allegations in this paragraph of the Complaint are not directed toward Defendants

16    and, therefore, no response is required. To the extent a response is deemed required,

17    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

18    paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

19    form a belief as to the truth of such allegations and, therefore, deny the same.

20        Answering the unnumbered paragraph following Paragraph 19 of the Complaint,

21    Defendants state that the allegations in this paragraph of the Complaint are not directed toward

22    Defendants and, therefore, no response is required. To the extent a response is deemed

23    required, Defendants state that Plaintiff fails to provide the proper context for the allegations in

24    this paragraph of the Complaint. Defendants therefore lack sufficient information or

25    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

26    20.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

27    Complaint. Defendants lack sufficient information or knowledge to form a belief as to the truth

28    of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

21.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22.    Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   this paragraph of the Complaint.

2   24.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

3   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

4   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

5   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

6   allegations in this paragraph of the Complaint.

7   25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

8   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

10  the remaining allegations in this paragraph of the Complaint.

11  26.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

12  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

13  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

14  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

15  prescribing information.  Defendants state that the potential effects of Bextra® were and are

16  adequately described in its FDA-approved prescribing information, which at all times was

17  adequate and comported with applicable standards of care and law.  Defendants deny the

18  remaining allegations in this paragraph of the Complaint.

19  27.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which at all times was adequate and comported with applicable standards of care and law.

23  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

24  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

25  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

26  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

27  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

28  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

2    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

3    information to form a belief as to the truth of such allegations, and, therefore, deny the same.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    28.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which at all times was adequate and comported with applicable standards of care and law.

10   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

12   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

13   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

14   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

15   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

16   with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   29.    Defendants state that the referenced article speaks for itself and respectfully refer the

19   Court to the article for its actual language and text.  Any attempt to characterize the article is

20   denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

22   this paragraph of the Complaint.

23   30.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

25   state that the referenced article speaks for itself and respectfully refer the Court to the article for

26   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

27   the remaining allegations in this paragraph of the Complaint.

28   31.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

2    16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this

3    paragraph of the Complaint.

4    32.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which at all times was adequate and comported with applicable standards of care and law.

8    Defendants deny the allegations in this paragraph of the Complaint.

9    33.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

10   respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

11   characterize the Talk Paper is denied.   Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   34.    Defendants state that the referenced article speaks for itself and respectfully refer the

14   Court to the article for its actual language and text.  Any attempt to characterize the article is

15   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16   35.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

17   approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

18   sufficient information to confirm or deny such allegations and, therefore, deny the same.

19   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

20   the study for its actual language and text.  Any attempt to characterize the study is denied.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   36.    The allegations in this paragraph of the Complaint are not directed towards Defendants

23   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

24   state that the referenced article speaks for itself and respectfully refer the Court to the article for

25   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

26   the remaining allegations in this paragraph of the Complaint.

27   37.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    deny the remaining allegations in this paragraph of the Complaint.

2    38.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

3    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

4    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

5    Defendants deny the remaining allegations in this paragraph of the Complaint.

6    39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

7    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

8    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10   40.    Defendants state that the referenced article speaks for itself and respectfully refer the

11   Court to the article for its actual language and text.    Any attempt to characterize the article is

12   denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

13   41.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.    Defendants deny the remaining allegations in

15   this paragraph of the Complaint.

16   42.    Defendants state that the referenced article speaks for itself and respectfully refer the

17   Court to the article for its actual language and text.    Any attempt to characterize the article is

18   denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

19   43.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.    Any attempt to characterize the article is

21   denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

22   44.    Defendants state that the referenced articles speak for themselves and respectfully refer

23   the Court to the articles for their actual language and text.    Any attempt to characterize the

24   articles is denied.    Defendants deny the remaining allegations in this paragraph of the

25   Complaint.

26   45.    Defendants state that the referenced article speaks for itself and respectfully refer the

27   Court to the article for its actual language and text.    Any attempt to characterize the article is

28   denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

46.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny the allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.   Any attempt to characterize the article is denied.   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

48.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.   Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.   Any attempt to characterize the article is denied.   Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

50.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

51.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Complaint.

2    52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

4    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   state that the potential effects of Bextra® were and are adequately described in its FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law.  Defendants are without knowledge or information

13   sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used

14   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

15   allegations in this paragraph of the Complaint.

16   53.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed

17   toward Defendants and, therefore, no response is required.  To the extent a response is deemed

18   required, Defendants state that Plaintiff fails to provide the proper context for the allegations in

19   this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient

20   information or knowledge to form a belief as to the truth of such allegations and, therefore,

21   deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in

22   this paragraph of the Complaint.

23   54.    Defendants state that the referenced article speaks for itself and respectfully refer the

24   Court to the article for its actual language and text.  Any attempt to characterize the article is

25   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

26   paragraph of the Complaint.

27   55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    58.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

3    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

4    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

5    that the referenced press release speaks for itself and respectfully refer the Court to the press

6    release for its actual language and text.  Any attempt to characterize the press release is denied.

7    Defendants state that the referenced article speaks for itself and respectfully refer the Court to

8    the article for its actual language and text.  Any attempt to characterize the article is denied.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   59.    Defendants state that the referenced press release speaks for itself and respectfully refer

12   the Court to the press release for its actual language and text.  Any attempt to characterize the

13   press release is denied.  Defendants deny any wrongful conduct and deny the remaining

14   allegations in this paragraph of the Complaint.

15   60.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

17   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

19   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

20   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Bextra® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants admit, as indicated in the package insert

26   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

27   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

28   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    61.    Defendants state that Bextra® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Bextra® were and are adequately described in its FDA-approved prescribing information,

4    which at all times was adequate and comported with applicable standards of care and law.

5    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

6    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

7    such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

8    that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

9    62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

11   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

13   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

14   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Bextra® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.   Defendants deny the remaining allegations in this

20   paragraph of the Complaint.

21   63.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which at all times was adequate and comported with applicable standards of care and law.

25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   64.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants deny the allegations in this paragraph of the Complaint.

67.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that the referenced press releases speak for themselves and respectfully refer the Court to the press releases for their actual language and text.  Any attempt to characterize the press releases is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

4  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

5  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

6  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

7  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

8  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9  with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

10 remaining allegations in this paragraph of the Complaint.

11 74.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12 and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

13 by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14 admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

15 which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

16 be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17 accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

18 paragraph of the Complaint.

19 **Response to First Cause of Action: Negligence**

20 75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21 Complaint as if fully set forth herein.

22 76.    Defendants state that this paragraph of the Complaint contains legal contentions to

23 which no response is deemed required.    To the extent a response is deemed required,

24 Defendants admit that they had duties as are imposed by law but deny having breached such

25 duties.  Defendants state that the potential effects of Bextra® were and are adequately described

26 in its FDA-approved prescribing information, which was at all times adequate and comported

27 with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

28 effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

79.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    81.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

5    that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

6    paragraph of the Complaint.

7    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   83.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15   84.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

16   damage and deny the remaining allegations in this paragraph of the Complaint.

17          Answering the unnumbered paragraph following Paragraph Number 84 of the

18   Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

19   or damage, and deny the remaining allegations in this paragraph of the Complaint.

20          **Response to Second Cause of Action: Strict Liability**

21   85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

22   Complaint as if fully set forth herein.

23   86.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25   Defendants admit that Bextra® was expected to reach consumers without substantial change in

26   the condition from the time of sale.  Defendants admit that, during certain periods of time,

27   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

28   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

2    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

3    distributed Bextra® in the United States to be prescribed by healthcare providers who are by

4    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    deny the remaining allegations in this paragraph of the Complaint.

6    87.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny the allegations in this paragraph of the Complaint.

11   88.    Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

16   allegations in this paragraph of the Complaint.

17   89.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

22   allegations in this paragraph of the Complaint.

23   90.    Defendants state that this paragraph of the Complaint contains legal contentions to

24   which no response is required.  To the extent that a response is deemed required, Defendants

25   are without knowledge or information sufficient to form a belief as to the truth of the

26   allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants

27   state that Bextra® was and is safe and effective when used in accordance with its FDA-

28   approved prescribing information.  Defendants state that the potential effects of Bextra® were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  and are adequately described in its FDA-approved prescribing information, which was at all

2  times adequate and comported with applicable standards of care and law.  Defendants deny that

3  Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

4  paragraph of the Complaint, including all subparts.

5  91.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

7  Defendants state that Bextra® was and is safe and effective when used in accordance with its

8  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

9  were and are adequately described in its FDA-approved prescribing information, which was at

10  all times adequate and comported with applicable standards of care and law.  Defendants deny

11  that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

12  paragraph of the Complaint.

13  92.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15  Defendants state that Bextra® was and is safe and effective when used in accordance with its

16  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

17  were and are adequately described in its FDA-approved prescribing information, which was at

18  all times adequate and comported with applicable standards of care and law.  Defendants deny

19  that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

20  93.    Defendants state that this paragraph of the Complaint contains legal contentions to

21  which no response is deemed required.    To the extent a response is deemed required,

22  Defendants deny the allegations in this paragraph of the Complaint.

23  94.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

28  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-23-
ANSWER TO COMPLAINT – 3:07-cv-03546-CRB

1    Complaint.

2    95.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

7    allegations in this paragraph of the Complaint.

8    96.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10    Defendants state that Bextra® was and is safe and effective when used in accordance with its

11    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12    were and are adequately described in its FDA-approved prescribing information, which was at

13    all times adequate and comported with applicable standards of care and law.  Defendants admit

14    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

15    in the United States to be prescribed by healthcare providers who are by law authorized to

16    prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

17    certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

18    tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

19    healthcare providers who are by law authorized to prescribe drugs in accordance with their

20    approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

21    deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

22    paragraph of the Complaint.

23    97.    Defendants state that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendants state that the potential effects of

25    Bextra® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendants deny the remaining allegations in this paragraph of the Complaint.

28    98.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which no response is deemed required.   To the extent a response is deemed required,

2   Defendants admit that they had duties as are imposed by law but deny having breached such

3   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny the remaining allegations in this paragraph of the Complaint.

8   99.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10  Defendants state that Bextra® was and is safe and effective when used in accordance with its

11  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12  were and are adequately described in its FDA-approved prescribing information, which was at

13  all times adequate and comported with applicable standards of care and law.  Defendants deny

14  the remaining allegations in this paragraph of the Complaint.

15  100.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

17  deny the remaining allegations in this paragraph of the Complaint.

18  101.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

25  damage, and deny the remaining allegations in this paragraph of the Complaint.

26  103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28          Answering  the  unnumbered  paragraph  following  Paragraph  Number  103  of  the

1   Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

2   or damage, and deny the remaining allegations in this paragraph of the Complaint.

3   **Response to Third Cause of Action: Breach of Express Warranty**

4   104.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

5   Complaint as if fully set forth herein.

6   105.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8   Defendants state that Bextra® was and is safe and effective when used in accordance with its

9   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10  were and are adequately described in its FDA-approved prescribing information, which was at

11  all times adequate and comported with applicable standards of care and law.  Defendants admit

12  that they provided FDA-approved prescribing information regarding Bextra®.    Defendants

13  deny the remaining allegations in this paragraph of the Complaint.

14  106.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

16  Defendants state that Bextra® was and is safe and effective when used in accordance with its

17  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

18  were and are adequately described in its FDA-approved prescribing information, which was at

19  all times adequate and comported with applicable standards of care and law.  Defendants admit

20  that they provided FDA-approved prescribing information regarding Bextra®.    Defendants

21  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

22  107.    Defendants deny the allegations in this paragraph of the Complaint.

23  108.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants admit that they provided FDA-approved prescribing information regarding

28  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

109.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph Number 113 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

114.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

115.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

2  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

4  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

5  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8  116.    Defendants admit that they provided FDA-approved prescribing information regarding

9  Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

10  Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

11  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

12  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

13  prescribing information.  Defendants deny the remaining allegations in this paragraph of the

14  Complaint.

15  117.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

17  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

18  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

19  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

20  allegations in this paragraph of the Complaint.

21  118.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

23  Defendants state that Bextra® was and is safe and effective when used in accordance with its

24  FDA-approved prescribing information.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  119.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28  Defendants state that Bextra® was expected to reach consumers without substantial change in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  the condition from the time of sale.  Defendants deny the remaining allegations in this
2  paragraph of the Complaint.

3  120.    Defendants are without knowledge or information sufficient to form a belief as to the
4  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.
5  Defendants state that Bextra® was and is safe and effective when used in accordance with its
6  FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the
7  remaining allegations in this paragraph of the Complaint.

8  121.    Defendants state that Bextra® was and is safe and effective when used in accordance
9  with its FDA-approved prescribing information.  Defendants state that the potential effects of
10  Bextra® were and are adequately described in its FDA-approved prescribing information,
11  which was at all times adequate and comported with applicable standards of care and law.
12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
13  the Complaint.

14  122.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or
15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or
17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18      Answering the unnumbered paragraph following Paragraph Number 123 of the
19  Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury
20  or damage, and deny the remaining allegations in this paragraph of the Complaint.

21  **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

22  124.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's
23  Complaint as if fully set forth herein.

24  125.    Defendants state that this paragraph of the Complaint contains legal contentions to
25  which no response is deemed required.   To the extent a response is deemed required,
26  Defendants admit that they had duties as are imposed by law but deny having breached such
27  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance
28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    126.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint, including all subparts.

10    127.    Defendants state that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15    the Complaint.

16    128.    Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

21    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

22    129.    Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27    the Complaint.

28    130.    Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

1    137.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    138.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5        Answering the unnumbered paragraph following Paragraph Number 138 of the

6    Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

7    or damage, and deny the remaining allegations in this paragraph of the Complaint.

8            **Response to Sixth Cause of Action: Unjust Enrichment**

9    139.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

10   Complaint as if fully set forth herein.

11   140.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

13   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

15   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

16   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

18   paragraph of the Complaint.

19   141.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   142.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25   143.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

27   Defendants state that Bextra® was and is safe and effective when used in accordance with its

28   FDA-approved prescribing information.    Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraph of the Complaint.

2  144.    Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    Answering the unnumbered paragraph of the Complaint following Paragraph Number

6  144, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7  damage, and deny the remaining allegations in this paragraph of the Complaint.

8  **Response to Prayer for Relief**

9    Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

10  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

11  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

12  **III.**

13  **GENERAL DENIAL**

14    Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

15  Complaint that have not been previously admitted, denied, or explained.

16  **IV.**

17  **AFFIRMATIVE DEFENSES**

18    Defendants reserve the right to rely upon any of the following or additional defenses to

19  claims asserted by Plaintiff to the extent that such defenses are supported by information

20  developed through discovery or evidence at trial.  Defendants affirmatively show that:

21  **First Defense**

22  1.    The Complaint fails to state a claim upon which relief can be granted.

23  **Second Defense**

24  2.    Bextra® is a prescription medical product.  The federal government has preempted the

25  field of law applicable to the labeling and warning of prescription medical products.

26  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

27  federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

2    and violate the Supremacy Clause of the United States Constitution.

3    **Third Defense**

4    3.    At all relevant times, Defendants provided proper warnings, information, and

5    instructions for the drug in accordance with generally recognized and prevailing standards in

6    existence at the time.

7    **Fourth Defense**

8    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

9    Bextra® conformed to the generally recognized, reasonably available, and reliable state of

10   knowledge at the time the drug was manufactured, marketed, and distributed.

11   **Fifth Defense**

12   5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

13   applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

14   **Sixth Defense**

15   6.    Plaintiff's action is barred by the statute of repose.

16   **Seventh Defense**

17   7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

18   negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any

19   recovery by Plaintiff should be diminished accordingly.

20   **Eighth Defense**

21   8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

22   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

23   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

24   liable in any way.

25   **Ninth Defense**

26   9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

27   intervening causes for which Defendants cannot be liable.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants is therefore barred.

2                          **Seventeenth Defense**

3    17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

4    Defendants.

5                           **Eighteenth Defense**

6    18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

7    conditions unrelated to Bextra®.

8                           **Nineteenth Defense**

9    19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

10   doctrine of assumption of the risk bars or diminishes any recovery.

11                           **Twentieth Defense**

12   20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

13   preempted in accordance with the Supremacy Clause of the United States Constitution and by

14   the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

15                          **Twenty-first Defense**

16   21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

17   the subject pharmaceutical product at issue was subject to and received pre-market approval by

18   the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

19                         **Twenty-second Defense**

20   22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in

21   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

22   and Plaintiff's causes of action are preempted.

23                          **Twenty-third Defense**

24   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

25   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

26   issue under applicable federal laws, regulations, and rules.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Florida and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

1

**Thirty-first Defense**

2    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

3    Fourteenth Amendments to the United States Constitution.

4    **Thirty-second Defense**

5    32.    The imposition of punitive damages in this case would violate the First Amendment to

6    the United States Constitution.

7    **Thirty-third Defense**

8    33.    Plaintiff's punitive damage claims are preempted by federal law.

9    **Thirty-fourth Defense**

10    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

11    representation, this action is barred as there was no reliance upon representations, if any, of

12    Defendants.

13    **Thirty-fifth Defense**

14    35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

15    to any express representation.

16    **Thirty-sixth Defense**

17    36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

18    proof of causation, the claims violate Defendants' rights under the United States Constitution.

19    **Thirty-seventh Defense**

20    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

21    labeling with respect to the subject pharmaceutical products were not false or misleading and,

22    therefore, constitute protected commercial speech under the applicable provisions of the United

23    States Constitution.

24    **Thirty-eighth Defense**

25    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

26    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

27    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

28    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Amendment of the United States Constitution, the Commerce Clause of the United States

2    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

3    applicable provisions of the Constitutions of the States of Florida and California.  Any law,

4    statute, or other authority purporting to permit the recovery of punitive damages in this case is

5    unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

6    constitutionally sufficient standards to guide and restrain the jury's discretion in determining

7    whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

8    it failed to provide adequate advance notice as to what conduct will result in punitive damages;

9    (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied

10   with applicable law, or conduct that was not directed, or did not proximately cause harm, to

11   Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and

12   proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

13   damages, if any; (5) permits jury consideration of net worth or other financial information

14   relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

15   court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

16   sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

17   satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

18   *Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S.

19   443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut.*

20   *Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

21                                    **Thirty-ninth Defense**

22   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

23   and marketing of Bextra®, if any, used in this case, included adequate warnings and

24   instructions with respect to the product's use in the package insert and other literature, and

25   conformed to the generally recognized, reasonably available, and reliable state of the

26   knowledge at the time the product was marketed.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fortieth Defense

2    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

3    manufactured, and labeled in accordance with the state-of-the-art industry standards existing at

4    the time of the sale.

5

### Forty-first Defense

6    41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

7    and belief, such injuries and losses were caused by the actions of persons not having real or

8    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

9    no control and for whom Defendants may not be held accountable.

10

### Forty-second Defense

11    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

12    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

13    intended, and was distributed with adequate and sufficient warnings.

14

### Forty-third Defense

15    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

16    waiver, and/or estoppel.

17

### Forty-fourth Defense

18    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

19    pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

20    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

21    independent of or far removed from Defendants' conduct.

22

### Forty-fifth Defense

23    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

24    did not proximately cause injuries or damages to Plaintiff.

25

### Forty-sixth Defense

26    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

27    did not incur any ascertainable loss as a result of Defendants' conduct.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-seventh Defense**

2    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

3    manufacturing, labeling, packaging, and any advertising of the product complied with the

4    applicable codes, standards and regulations established, adopted, promulgated or approved by

5    any applicable regulatory body, including but not limited to the United States, any state, and

6    any agency thereof.

7

**Forty-eighth Defense**

8    48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

9    product labeling contained the information that Plaintiff contends should have been provided.

10

**Forty-ninth Defense**

11    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

12    outweighed its risks.

13

**Fiftieth Defense**

14    50.    Plaintiff's damages, if any, are barred or limited by the payments received from

15    collateral sources.

16

**Fifty-first Defense**

17    51.    Defendants' liability, if any, can only be determined after the percentages of

18    responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

19    any, are determined.   Defendants seek an adjudication of the percentage of fault of the

20    claimants and each and every other person whose fault could have contributed to the alleged

21    injuries and damages, if any, of Plaintiff.

22

**Fifty-second Defense**

23    52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

24    common law gives deference to discretionary actions by the United States Food and Drug

25    Administration under the Federal Food, Drug, and Cosmetic Act.

26

**Fifty-third Defense**

27    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

28    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

2   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

4   and with the specific determinations by FDA specifying the language that should be used in the

5   labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

6   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

7   United States.

8   **Fifty-fourth Defense**

9   54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

10  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

11  **Fifty-fifth Defense**

12  55.    Defendants state on information and belief that the Complaint and each purported cause

13  of action contained therein is barred by the statutes of limitations contained in California Code

14  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

15  as may apply.

16  **Fifty-sixth Defense**

17  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

18  by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

19  conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

20  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

21  **Fifty-seventh Defense**

22  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

23  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

24  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

25  damages is also barred under California Civil Code § 3294(b).

26  **Fifty-eighth Defense**

27  58.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by

28  Rule 1.120 of the Florida Rules of Civil Procedure.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

**Fifty-ninth Defense**

59.     Plaintiff's claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

**Sixtieth Defense**

60.     Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiff, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

**Sixty-first Defense**

61.     Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery.  Thus, Defendants are entitled to have their liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

**Sixty-second Defense**

62.     Plaintiff fails to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

**Sixty-third Defense**

63.     FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiff's FDUTPA claim is improper and should be dismissed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-fourth Defense**

64.    The acts or practices of which Plaintiff complains were and are required or specifically permitted by federal or state law.  Therefore, Plaintiff's FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Sixty-fifth Defense**

65.    Plaintiff lacks standing because Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

**Sixty-sixth Defense**

66.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.



1  September 25, 2007                    GORDON & REES LLP

2

3                                        By:_____/s/_____

4                                           Stuart M. Gordon
                                            sgordon@gordonrees.com
                                            Embarcadero Center West
5                                           275 Battery Street, 20th Floor
                                            San Francisco, CA 94111
6                                           Telephone:  (415) 986-5900
                                            Fax:  (415) 986-8054
7

8  September 25, 2007                    TUCKER ELLIS & WEST LLP
                                         .
9

10                                       By:_____/s/_____

11                                          Michael C. Zellers
                                            michael.zellers@tuckerellis.com
12                                          515 South Flower Street, Suite 4200
                                            Los Angeles, CA  90071-2223
13                                          Telephone:  (213) 430-3400
                                            Fax:  (213) 430-3409
14
                                            Attorneys for Defendants
15                                          PFIZER INC., PHARMACIA
                                            CORPORATION, AND G.D. SEARLE
16                                          LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  September 25, 2007                    GORDON & REES LLP

6

7                                        By:_____/s/_____

8                                          Stuart M. Gordon
                                           sgordon@gordonrees.com
9                                          Embarcadero Center West
                                           275 Battery Street, 20th Floor
10                                         San Francisco, CA  94111
                                           Telephone:  (415) 986-5900
11                                         Fax:  (415) 986-8054

12  September 25, 2007                    TUCKER ELLIS & WEST LLP

13

14                                       By:_____/s/_____

15                                         Michael C. Zellers
                                           michael.zellers@tuckerellis.com
16                                         515 South Flower Street, Suite 4200
                                           Los Angeles, CA 90071-2223
17                                         Telephone:  (213) 430-3400
                                           Fax:  (213) 430-3409

18                                         Attorneys for Defendants
                                           PFIZER INC., PHARMACIA
19                                         CORPORATION, AND G.D. SEARLE
                                           LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111